UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Robin L. Crump,    Case No. 3:12-cv-2910

    Plaintiff

  v.    MEMORANDUM OPINION
    AND ORDER

Commissioner of Social Security,

    Defendant


This matter is before me on the objections of Plaintiff Robin L. Crump to the Report and Recommendation of Magistrate Judge Limbert regarding Crump's complaint seeking review of a final decision of Defendant the Commissioner of Social Security[1]. (Doc. No. 22). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in his Report and Recommendation, deny Plaintiff's motion for summary judgment, and affirm the decision of the Commissioner.

Since there are no objections to Magistrate Judge Limbert's recital of the procedural and administrative record of this case, I adopt that portion of the Report and Recommendation in full. (See Doc. No. 21 at 1-5).

**STANDARD**

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district just may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (*quoting Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). Where the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

"[W]hile the Magistrate Judge Act… permits *de novo* review by the district court… it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000); *see also Stankoski v. Comm'r of Soc. Sec.*, 2:11-CV-00627, 2012 WL 3780333, *3 (S.D. Ohio Aug. 31, 2012), *aff'd sub nom. Stankoski v. Astrue*, 532 F. App'x 614 (6th Cir. 2013) (holding arguments waived that were not raised before the magistrate judge).

### OBJECTIONS

Crump argues Magistrate Judge Limbert erred in failing to recommend reversal and remand of the Administrative Law Judge's ("ALJ") findings and submits five objections to the Report and Recommendation. Crump also raises new arguments not presented to the Magistrate Judge for his consideration. Crump's first two arguments focus on Magistrate Judge Limbert's conclusion that age-18 eligibility redeterminations under 42 U.S.C. § 1382c(a)(3)(H)(iii)[2] of the Social Security Act ("SSA") and 20 C.F.R. § 416.987(a) do not require a disability redetermination. Further, Crump objects to Magistrate Judge Limbert's conclusions that (1) Crump only raised assertions of error

---

[2] Plaintiff's objection cites §1614(a)(H)(3)(iii) of the SSA; however, this Section was amended in 1997 and the applicable standards are contained in 42 U.S.C. § 1382c.

2

related to her intellectual functioning; (2) the five-step evaluation standard set forth in *Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992) applies to age-18 redetermination eligibility; and (3) the ALJ had substantial evidence to conclude that Crump's mental impairment did not meet or equal listing 12.05 for mental retardation[3]. (Doc. No. 22 at 1-9).

Finally, Crump argues the Commissioner failed to conduct her age-18 eligibility redetermination within the prescribed one year of her 18th birthday; therefore, the Commissioner's decision should be reversed and the case remanded for rehearing.

1. Standard for Age-18 Eligibility Redeterminations

Crump objects to Magistrate Judge Limbert's conclusion that age-18 eligibility redeterminations require re-diagnosis of disability even if the individual was diagnosed disabled as a child. (Doc. No. 21 at 3). Crump argues that age-18 eligibility redetermination is "not [a] disability redetermination" under 20 C.F.R. § 416 and 42 U.S.C. § 1382c(a)(3)(H)(iii); rather, a mere "eligibility redetermination." (Doc. No. 22 at 2).

The ALJ correctly stated that "individuals who are eligible for supplemental security income benefits as children… must have their disability redetermined under the rules for disability used for adults." (Doc. No. 44 Tr. at 14) (*citing* 42 U.S.C. § 1382c(a)(H)(iii)(I)-(II) (2004)). Section 416.987(a)(2) states that "[w]e may find that you are not now disabled even though we previously found that you were disabled [as a child]." Likewise, "[t]he finding of a childhood disability is not dispositive nor binding on the adult redetermination." *Lewis v. Comm'r Soc. Sec.*, No. 1:09-CV-2450, 2011 WL 334850, at *6 (N.D. Ohio Jan. 31, 2011).

Since Magistrate Judge Limbert correctly set forth age-18 eligibility redetermination criteria under 20 C.F.R. § 416.987 and Crump's objection is essentially the same argument raised in her brief on the merits, I adopt Magistrate Judge Limbert's conclusion and deny Crump's objection.

Next, Crump argues for the first time that the ALJ misinterpreted 42 U.S.C. § 1382c(a)(3)(H)(iii). Since Plaintiff's argument was not previously presented to the Magistrate, it is

---

[3] *See* 20 C.F.R. Pt. 404 Supt. P, Appx. 1, 12.05, eff. 9/6/13.

3

waived. But even if it were considered, the same conclusion would result. It is clear from Magistrate Judge Limbert's Report and Recommendation that an individual's previously existing childhood disability must be re-diagnosed within one year of the individual's 18th birthday to be eligible for supplemental security income benefits. 42 U.S.C. § 1382c(a)(H)(iii)(II). Magistrate Judge Limbert's conclusion is adopted and Crump's objection denied.

2. Crump's Assertions of Error "Only Related to Intellectual Functioning"

Crump argues that Magistrate Judge Limbert incorrectly concluded that her assertions of error focused only on her "intellectual functioning." (Doc. No. 22 at 4). In support of her argument, Crump cites to her original assertion of error in her brief on the merits: "the Commissioner is in error in affording plaintiff's opinion (Dr. Deardorff's medical assessment) this great weight but yet failed to explain why this evidence does not satisfy the criteria for a listed severe impairment of Appendix 1., in combination with plaintiff's other impairments." (Doc. No. 18 at 4) (emphasis original).

Since Crump does not offer support for her assertion that "other impairments" should be considered apart from "intellectual functioning," and seemingly retracts her argument in the subsequent paragraph[4], I adopt Magistrate Judge Limbert's assumption. *See Nabours v. Comm'r of Soc. Sec.*, 50 Fed. App'x 272, 275 (6th Cir. 2002) ("[t]he claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits") (citing 20 C.F.R. § 404.1512(a))),

3. *Hogg v. Sullivan*

Crump's third objection challenges Magistrate Judge Limbert's conclusion that Crump's age-18 eligibility redeterminations are subject to the adult standard set forth in *Hogg v. Sullivan*, 987 F.2d 328 (6th Cir. 1992). Crump specifically argues this standard is not applicable to age-18 eligibility

---

[4] Crump stated, "[p]laintiff believes at this point in the appeal process Plaintiff is no longer litigating the fact that Plaintiff is disabled and suffers from severe mental impairments. Plaintiff is simply litigating the fact that the Commissioner's and or ALJ's final decision is not supported by substantial evidence, the Commissioner and or [sic] ALJ failed to follow SSA regulation and the Commissioner and or [sic] ALJ did not apply the correct legal standards to Plaintiff's age 18 eligibility redetermination as required by the ACT." (Doc. No. 22 at 4).

4

determinations because the plaintiff in *Hogg* was going through an initial eligibility determination not an age-18 eligibility redetermination.

Section 416.987(b) states that "[w]hen we redetermine your eligibility, we will use the rules for adults (individuals age 18 or older) who file new applications explained in § 416.920(c) through (h)." 20 C.F.R § 416.987(b) (2012).

It is clear from the language of 20 C.F.R. § 416.987(b) that individuals qualified for an age-18 eligibility redetermination are subject to the same adult standard used in initial disability determinations. Accordingly, I adopt Magistrate Judge Limbert's application of the *Hogg* standard to age-18 eligibility determinations and deny Crump's objection.

4. 1-Year Time Period

Next, Crump argues that the Commissioner of Social Security failed to conduct an age-18 eligibility redetermination within the 1-year time period prescribed by 42 U.S.C. § 1382c(a)(H)(3)(iii) of the SSA. (Doc. No. 22 at 5). Since this is the first time Crump raises this argument[5], it is waived. *See Murr*, 200 F.3d at 902.

Even if it were considered, however, the language of section 1382c deems the redetermination's end date as irrelevant. It states, "either during the 1-year period beginning on the individual's 18th birthday or… an individual's case is subject to a redetermination" Read in the disjunctive, section 1382c provides notice of when an individual's case is *subject* to redetermination – not the time period for which it must be completed.

5. Substantial Evidence

Crump raised multiple objections to Magistrate Judge Limbert's conclusion that substantial evidence supports the ALJ's finding that Crump's impairment does not meet or equal listing 12.05 for mental retardation. Crump argues that there is not enough evidence to support the finding

---

[5] Crump stated, "the commissioner shall redetermine the plaintiff's eligibility during the 1 year [sic] period beginning on the plaintiff's 18th birthday. Making the relevant time period October 9, 2007 when plaintiff turned 18, to October 9, 2008" but did not argue the Commissioner violated SSA regulation by concluding Crump's redetermination beyond the 1-year time period on May 1, 2009.

5

because (1) the testimony of Dr. Rozenfeld was inadmissible; (2) the ALJ violated 20 C.F.R. § 416.920b(c)(1)-(4) by not contacting Dr. Avery for clarification; (3) the Commissioner violated SSA regulations by hiring a medical expert to review Plaintiff's medical records without her consent; (4) the ALJ and Magistrate were barred by collateral estoppel from continuing to question Crump's credibility when factual findings were made on the issue; (5) the ALJ committed reversible error by refusing to hear the testimony of Crump's mother; and (6) the ALJ violated Social Security Regulation by disregarding the similar fault analysis yet failing to consider the "questioned" evidence in reaching its final conclusion. (Doc. No. 22 at 5-10).

I will only consider Crump's first, fourth, and fifth objections. The second, third, and sixth arguments will not be considered because they were not properly raised before Magistrate Judge Limbert.

a. Dr. Rozenfeld

Crump objects to Magistrate Judge Limbert's conclusion that "educational personnel can be used to show the severity of an impairment." (Doc. No. 21 at 13). Crump argues that the testimony of medical expert, Dr. Rozenfeld, is inadmissible because Dr. Rozenfeld relied on "vocational factors" to reach his opinion in violation of 20 C.F.R. § 416.920(d).

Section 416.920(d) states if an impairment "meets or equals a listed impairment… we will find you disabled without considering your age, education, and work experience." 20 C.F.R. § 416.920(d) (2012). Crump cites section 416.920(c) which states:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. *We will not consider your age, education, and work experience.*

20 C.F.R. § 416.920(c) (2012) (emphasis added).

However, section 416.913(d) states, in pertinent part:

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of

6

> your impairment(s) and how it affects your ability to work… other sources include, but are not limited to –
>
> > (2) Educational personnel (for example, school teachers, counselors, early intervention team members…)

20 C.F.R. § 416.913(d)(2) (2013). "Age, education and work experience" may be considered a medical factor in addition to a vocational factor; and thus reliable in reaching an opinion. 20 C.F.R. § 416.920(c); *Stead v. Comm'r of Soc. Sec.*, 352 F. Supp. 2d 807, 813 (E.D. Mich. 2005).

In *Stead*, the district court concluded that age, while "certainly a vocational factor, is not exclusively so." *Id.* Age is also "an important medical factor physicians consider when evaluating patients and constitutes part of the medical history typically gathered by diagnosticians." *Id.* The court held that since "the context in which [the medical expert] mentioned the patient's age suggests that he considered that factor as part of his medical work up, not as a vocational factor to determine the plaintiff's capacity to work," age is not an "impermissible factor for the physician to consider in reaching a medical conclusion." *Id* at 814.

Like the medical expert in *Stead*, Dr. Rozenfeld relied upon school records supplied by Phoenix Academy to "show the severity of [Crump's] impairment," 20 C.F.R. § 416.913(d) – not to "determine [her] capacity to work." *Stead*, 352 F. Supp. 2d at 814. (Doc. No. 21 at 13). Thus, I agree with Magistrate Judge Limbert's conclusion that Crump's school records may be used to determine the extent of Crump's mental impairment.

### b. Collateral Estoppel

Next, Crump argues that the ALJ and Magistrate Judge Limbert were barred from reconsidering the issue of Crump's credibility under 20 C.F.R. § 416.1450(f) (Doc. No. 22 at 6).

Section 416.1450(f) states, in pertinent part,

> An issue at your hearing may be a fact that has already been decided in one of our previous determinations or decisions in a claim involving the same parties… If this happens, the administrative law judge will not consider the issue again, but will accept the factual finding made in the previous determination or decision unless there are reasons to believe that it was wrong.

7

In his Report and Recommendation, Magistrate Judge Limbert stated, "[s]ince the ALJ did not rely on any information emanating from the similar fault analysis or the fraud investigation, and did not even mention these issues in her decision… no prejudice resulted." I agree with the Magistrate Judge Limbert's analysis as applied to Magistrate Judge Limbert and the ALJ.

c. Testimony of Crump's Mother

Crump objects to Magistrate Judge Limbert's conclusion that the ALJ did not commit reversible error by refusing to hear the testimony of Crump's mother.  (Doc. No. 21 at 16).  Crump argues that she had the "right to question her witness who would've testified to the severity of Plaintiff's mental impairments." *Id.*

It should be noted that the following conversation took place between Plaintiff's representative and the ALJ at the ALJ hearing:

ALJ: Now the questions that you're going to ask her mother are they going to be anything we have not already covered because I don't allow duplicative testimony. If all the mom is going to say that she takes care of her daughter much like you've testified to we don't need her testimony. We already have that in the record. Is there something else that her mother is going to testify?

REP: Her mother can't testify to that?

ALJ: No, her mother can testify but if all she's going to do is say the exact same information that we already have based on what Ms. Crump has said it's just not necessary, that's all.

REP: But she hasn't said it.

ALJ: But the claimant has said it.

REP: Right but she's a witness and she's saying it.

ALJ: The fact that the claimant has said her mother takes care of her is sufficient for me that that's her testimony. We don't need to take up, we don't need to waste anybody's time in getting information that we already have. This is an information process. Rules of evidence don't apply.

REP: Right, but it seems so formal because I'm being treated so formal.

ALJ: It's just the way the process work. My only thing is…

REP: But you said it's informal but it's not.

8

ALJ:   Well, most people don't actually feel that it's formal and I can't help that. That's just the nature of the process but my point is are you going to ask her mother anything that you haven't already asked her?

REP:   No.

(Doc. No. 44 Tr. 446-47).

According to 29 C.F.R. § 18.103(a)(2),

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and… [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context with which questions were asked.

Further, where an ALJ "erroneously disregards a lay witnesses's testimony, the error is harmless if 'no reasonable ALJ, when fully crediting the testimony could have reached a different disability determination.'" *Maloney v. Comm'r of Soc. Sec.*, No. 10-2583, 480 Fed. App'x 804, 810 (6th Cir. 2012) (*quoting Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

Since the substance of Crump's mother's testimony was made known to the ALJ and Crump failed to show she anything more than harmless error occurred, I agree with Magistrate Judge Limbert that the ALJ did not commit reversible error by denying Crump's mother to testify.

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Limbert as set forth in the Report and Recommendation. (Doc. No. 21). Plaintiff's motion for summary judgment (Doc. No. 16) is denied and the Commissioner's decision is affirmed.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge